Argued April 23, reversed June 2, 1914.

## MULLEN *v.* FLYNN.

(142 Pac. 338.)

**Deeds—Operation and Effect—Surrender of Deed.**

1. Where a father made a deed to his daughter and after his death she surrendered the deed to her mother for the purpose of a settlement among all the heirs, but no settlement was made, the surrender was without effect.

[As to return of consideration on repudiation of void contract, see note in Ann. Cas. 1914C, 898.]

**Descent and Distribution—Family Settlement—Validity.**

2. A family settlement in writing, in which it is agreed that the settlement shall not be effective till all the parties shall have duly executed and acknowledged it, is without effect, where one of the heirs refuses to sign it because it asked him to sign away all his rights under the will of the decedent.

From Marion: WILLIAM GALLOWAY, Judge.

This is a suit by Mary Flynn Mullen against William Sarsfield Flynn, Andrew Flynn, Catherine Flynn Mahoney, Ellen Flynn, Charles Flynn and William Sarsfield Flynn, as administrator of the estate of Catherine Flynn, deceased. The material facts involved herein are set forth in the opinion of the court.

REVERSED. DECREE RENDERED.

For appellant there was a brief over the name of *Messrs. Carson & Brown,* with oral arguments by *Mr. John A. Carson* and *Mr. Thomas Brown.*

For respondents there was a brief and an oral argument by *Mr. John Bayne.*

Department 2. MR. JUSTICE EAKIN delivered the opinion of the court.

1, 2. Upon the death of Bernard Flynn, in Marion County, Oregon, on September 22, 1904, he left surviving him a widow, who died in the year 1911, and his

heirs, Catherine Flynn Mahoney, Mary Flynn Mullen, Ellen Flynn, William Sarsfield Flynn, Patrick Alfred Flynn, Andrew Flynn, Charles Flynn, and Eugene P. Flynn, being his children. By his will, executed on the 21st day of September, 1903, he bequeathed to Catherine Mahoney $500, to Mary Mullen, $1,000, to Ellen Flynn, $1,000, and to William Flynn, $5, and bequeathed and devised to Patrick, Andrew, Charles, and Eugene all the real estate and personal property remaining; provision being also made for his widow, now deceased. Just before his death, about September 3, 1904, he conveyed by deed to Mary Flynn Mullen 50 acres of land then owned by him in Marion County and described in the complaint, and at the same time also conveyed to Eugene 50 acres, which deeds were delivered, but not recorded. In October, 1904, there being some dissatisfaction among the heirs in regard to the disposition of the property by the will and subsequent deeds, they attempted to make distribution of the property among themselves by agreement independently of the will, at which time the plaintiff, in contemplation of such readjustment, surrendered her deed to her mother, who destroyed it. The settlement of the division of the property not having been consummated, plaintiff seeks now to re-establish her deed and to have her title to the property described therein quieted. There is no dispute but that Bernard Flynn deeded the 50 acres to the plaintiff before his death and after the execution of the will, and also 50 acres to Eugene, and that all the balance of the property aside from the bequests was willed to Charles, Andrew, Patrick, and Eugene. The only defense to the suit is that there was a family settlement made in October, 1904, by which Mary surrendered her deed to the 50 acres, and that the deed to Eugene was to be confirmed by a deed from

the other heirs, the balance of the property to be
divided equally among the heirs to the exclusion of
Eugene. In contemplation of such agreement Mary
gave her deed to her mother, and a new deed was exe-
cuted to Eugene, the execution of which was not com-
pleted until about January, 1907. Upon the trial find-
ings were made that said agreement between the heirs
was consummated, and that plaintiff's deed was sur-
rendered thereunder; and the court rendered a decree
dismissing her suit. At the time of the attempted
family settlement, as it is called, in October, 1904, by
which Mary Mullen was induced to surrender her deed
to the 50 acres, there were present only six of the eight
heirs of the decedent; and the settlement and contem-
plated mutual deeds from each to the other was not
accomplished, nor was any specific division or other
detail of the settlement determined. All the heirs
must have agreed to the settlement to make it binding
and enforceable if it could be made by parol at all; but
it was not accomplished, and surrender of her deed by
Mary Mullen, if such surrender might have had effect
to transfer to the estate or the heirs the land described
therein, was not effectual for any purpose. It was not
agreed to and was without consideration; and it, being
only in part fulfillment of an agreement not completed,
would not operate to release or surrender her title
thereunder. On the 20th day of June, 1911, there was
an attempt to again take up the family settlement and
reduce it to writing, which recites the facts, and in
which there is no suggestion that there had before
been a settlement accomplished. It ignores the will,
and by it deeds and releases were to be made by each
to the other of a certain portion of the land of the
estate, thus attempting to specifically divide the prop-
erty between them. The last clause of that agreement
and mutual conveyance is:

"And it is hereby mutually agreed by and between the parties hereto that this settlement and agreement shall not be effective until all the parties shall have duly executed and acknowledged the same."

Patrick Alfred Flynn was dead at the time of this attempted settlement. His brothers and sisters were heirs to his property, and they all signed this agreement, with the exception of Eugene, who says he was asked to, but did not because it asked him to sign away all his rights therein; that he wanted all that was coming to him under the will. This attempted agreement accomplished nothing. Mary Mullen surrendered her deed with the understanding that she was to share in the land of the estate equally with the others, which could not be accomplished without a deed from Eugene, not only of his interest in the property, but of his interest therein as heir to Patrick, as well as from each of the other heirs, which none of them were bound now to give. Therefore, the surrender of her deed was ineffectual for any purpose, and her rights are still complete under the deed from her father of date about September 3, 1904. It is not necessary to determine whether the return after delivery of an unrecorded deed will invest in the estate or the other heirs the title of the grantee under the deed, or whether partition of the land can be made by parol.

The decree of the Circuit Court will be reversed, and one rendered here establishing the deed from Bernard Flynn to plaintiff and quieting her title to the property therein described.

REVERSED. DECREE RENDERED.

MR. JUSTICE BEAN, MR. JUSTICE MCNARY and MR. JUSTICE MOORE concur.

MR. CHIEF JUSTICE MCBRIDE not sitting.